## JONES v. FROST.

PLEADING.—*Fraud.*—Suit on a promissory note. Answer, that the note was given as part consideration for the purchase by defendant from plaintiff of a saw and planing mill; that at the time of said sale the plaintiff falsely and fraudulently represented to the defendant that "said machinery" was in complete order in every particular, and in good fix and condition; but, on the contrary, the same was in bad order and condition, and in bad repair, and worn out and worthless.

*Held*, that the answer was bad.

SAME.—*Answer as to Part.*—An answer directed to the whole complaint, but which answers only a part of the cause of action, is bad.

SAME.—*Agreement to Pay Note by Instalments.*—Suit on a promissory note. Answer, that after the maturity of the note and before commencement of suit, the plaintiff, for value received, agreed with the defendant that if the latter would pay to the former on said note a certain sum at the beginning of each month, he would extend the time of payment accordingly; and the defendant had been ready always since then and willing to pay off said note by such instalments; but the "dft." had failed and refused to accept the same, or to receive any pay less than the full amount of said note.

*Held*, that the answer was bad.

From the Lawrence Circuit Court.

*A. B. Carlton* and *J. H. Swaar*, for appellant.

*A. C. Voris* and *F. Wilson*, for appellee.

BIDDLE, C. J.—Suit on a promissory note made by appellant, H. Wiley Hardman and Joseph F. Toliver, payable to the appellee. Issues of fact were formed, and trial had by the court. Finding and judgment for appellee. Exceptions and appeal by appellant.

Four paragraphs of answer were filed, though but two remain in the record, numbered as follows:

3. That said defendant Jones is the principal in said note, and the other two defendants are sureties only; that said note was given as part consideration for the purchase by said Jones from said Frost of one-half interest in a saw and planing mill; that the agreement made at the date of said note was, that said Jones should pay to said Frost $4,000, of which sum the note was given as a part; that at the time of said sale, said Frost falsely and fraudulently represented to the said Jones that the said machinery was in complete order in every particular, and in good fix and condition. But, on the contrary thereof, the same was in bad order and condition, and in bad repair, and worn out and worthless; wherefore, etc.

4. That after the said note matured and before the commencement of this suit, the said plaintiff, for value received, agreed with the said Jones, who is the principal in said note, (the other two defendants being sureties thereon) that if the said Jones would pay to the plaintiff on said note one hundred dollars at the beginning of each month, he would extend the time of payment accordingly; and the defendant Jones has been ready always since then and willing to pay off said note by such instalments. But the "dft." has failed and refused to accept the same, or to receive any pay less than the full amount of said note.

The alleged insufficiency of these paragraphs raises the only questions in the case.

The third paragraph is insufficient, because it does not show that the "said machinery" belonged to the mill, nor that it formed any part of the consideration of the note, nor but what Jones knew just as much about it as Frost did, nor that he believed a word that Frost said, nor that the alleged false statements in any way induced him to make the note; besides, holding the machinery to be a part of the consideration of the note, the paragraph undertakes to answer the whole complaint, and answers only a part.

As to the fourth paragraph, there must have been some very good reason, we think, (without noticing the averment that it was the "dft." who failed and refused to accept the money, which is, probably, as to the word "dft.," a clerical error) why Frost would not "receive any pay less than the full amount of the note;" but, whatever it was, it is not averred in the paragraph; and the appellant fails to inform us how often he pressed the money upon his unwilling hands. Probably the commencement of the suit by Frost explained the mystery to Mr. Jones.

The judgment is affirmed, with costs and ten per cent. damages.